OPINION
On September 1, 1998 at about 4:00 a.m., Alliance Police Officer William R. Morris was on routine patrol within "Zone 7104," an area known for high drug trafficking. Officer Morris observed a vehicle driving slowly around the area. Officer Morris pulled over the vehicle. Driver of the vehicle was appellant, Timothy A. Mapel. Officer Morris detected a strong odor of alcohol. After conducting field sobriety tests, Officer Morris arrested appellant for D.U.I. in violation of Alliance Codified Ordinance 333.01(A)(1) and driving under suspension in violation of Alliance Codified Ordinance 335.07. The latter charge was subsequently dismissed. On October 6, 1998, appellant filed a motion to suppress claiming no lawful cause to stop. A hearing was held on October 16, 1998. By judgment entries filed October 16 and 26, 1998, the trial court denied said motion. On December 18, 1998, appellant pled no contest to the D.U.I. charge. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I
THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS OR SUPPRESS BY FINDING THAT THE ARRESTING OFFICER HAD REASONABLE CAUSE TO STOP DEFENDANT'S VEHICLE.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." To stop an individual, an officer must have a reasonable suspicion based upon specific and articulable facts that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1. In evaluating the propriety of a stop, the trial court shall look to the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177. By judgment entry filed October 26, 1998, the trial court specifically found the following relative to appellant's pre-stop conduct: Officer Morris testified that this early morning, slow speed, and repetitive circling pattern occurred in a portion of the City known for its high drug trafficking and prostitution; and as such, these activities, from his knowledge, training and experience were an indication of possible criminal activity. Officer Morris stated that he observed the defendant's speed go progressively slower. The officer thereupon positioned himself behind defendant and followed him for not more than two blocks, and ultimately stopped defendant for operating his vehicle at a slow speed and in consideration of a "totality of the circumstances" surrounding the slow speed. In its analysis of these facts, the trial court quoted from United States v. Davis (1972), 458 F.2d 819, 822, the following: `Although no presumption of guilt arises from the activities of inhabitants of an area in which the police know that narcotic offenses frequently occur, the syndrome of criminality in those areas cannot realistically go unnoticed by the judiciary. It too is a valid consideration when coupled with other reliable indicia or suspicious circumstances.'
At the suppression hearing, Officer Morris testified while on routine patrol in "zone seventy one o' four," an area known for high drug trafficking, he observed a vehicle at 4:00 a.m. that was "unfamiliar in the area" and "kept circling the area at a slow rate of speed." T. at 6. The operator of the vehicle was driving "aimlessly." T. at 14. Officer Morris observed appellant driving the vehicle on two occasions very slowly "as if he were looking for something." T. at 26. Appellant argues his actions prior to the stop were equally consistent with innocent behavior and therefore Officer Morris lacked reasonable suspicion to stop him. See, State v. Klein (1991), 73 Ohio App.3d 486. In support of this argument, appellant emphasizes Officer Morris acknowledged at the time of his observations, there was "a lot of pedestrian [traffic] and very light vehicle [traffic]" and it would be prudent to drive slowly. T. at 17-18. It is uncontested the City of Alliance has a slow speed ordinance, Alliance Codified Ordinance 333.04 which states as follows: 333.04 STOPPING VEHICLE; SLOW SPEED; POSTED MINIMUM SPEEDS.
 (a) No person shall stop or operate a vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law.
 (b) Whenever, in accordance with Ohio R.C. 4511.22(B), the minimum speed limit of a controlled-access highway, expressway or freeway has been declared and the appropriate signs giving notice have been erected as required, operators of motor vehicles shall be governed by the speed limitations set forth on such signs. No person shall operate a motor vehicle below the speed limits posted upon such signs except when necessary for safe operation or in compliance with law. (ORC 4511.22)
Given the nature of the area wherein appellant was driving was residential and was known as a high drug trafficking zone, coupled with the fact appellant was observed driving slowly and circling aimlessly on two occasions, we find the standard set forth in Terry was met. The sole assignment of error is denied.
The judgment of the Alliance Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Reader, V.J. concur.